**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-

NAT SCHLESINGER, also known as "Naftule
Schlesinger" and "Zvi Pollack," HERMAN
NIEDERMAN, and GOODMARK
INDUSTRIES, INC.,

                           Defendants.
--------------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
Cr. No. 02-485 (ADS) (ARL)

**APPEARANCES**

**ROSLYNN R. MAUSKOPF**
**UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, New York 11722-4454
        By:    Lawrence Philip Ferazani,
                  Cynthia M. Monaco
                  Richard Lunger, Assistant U.S. Attorneys

**SHAW LICITRA GULOTTA ESERNIO & SCHWARTZ, P.C.**
Co-counsel for the defendants Nat Schlesinger and Goodmark Industries, Inc.
1475 Franklin Avenue
Garden City, NY 11530
        By:    Douglas T. Burns, Esq., Of Counsel

**RANDY SCOTT ZELIN, P.C.**
Co-counsel for the defendants Nat Schlesinger and Goodmark Industries, Inc.
675 Old Country Road
Westbury, NY 11590
        By:    Randy Scott Zelin, Esq., Of Counsel

**LIPSITZ, GREEN, FAHRINGER, ROLL, SALISBURY & CAMBRIA, LLP**
Co-counsel for the defendants Nat Schlesinger and Goodmark Industries, Inc.
780 Third Avenue, 32nd Floor
New York, NY 10017
        By:     Herald Price Fahringer, Esq., Of Counsel

**SPATT, District J.**

This is an application for bail pending sentencing. On May 19, 2005, Nat

Schlesinger ("the Defendant") was convicted by a jury on thirty of thirty one various counts

of arson, conspiracy, insurance fraud, creditor fraud, and money laundering. Following the

verdict, the Defendant's bail was revoked and he was remanded. On May 23, 2005, the

Defendant filed an application for bail pending sentencing, which included substantial

collateral in addition to the original bail package. The Defendant argued that (1) he is not a

flight risk; (2) he will waive extradition from Canada or Israel; (3) he has a substantial

likelihood of success on a motion for acquittal, new trial, or for reversal on appeal; and (4)

exceptional circumstances justify the Defendant's release pending sentence. For the reasons

set forth below, the Court finds that the Defendant has not met his burden to permit his

release on bail pending sentencing.

## I.     Discussion

Generally, a defendant who has been convicted and is awaiting sentence must be

detained unless the court finds by clear and convincing evidence that the defendant is

unlikely to flee or pose a danger. 18 U.S.C. § 3143(a)(1) (2005); see United States v.

Londono-Villa, 898 F.2d 328, 329 (2d Cir. 1990) (holding that the district court's finding

by clear and convincing evidence that defendant did not pose flight risk pending sentence

was clearly erroneous).  The provisions of section 3143(a) are activated immediately upon a

finding of guilt.  United States v. Bloomer, 967 F.2d 761, 763 (2d Cir. 1992).  The statute

states, in relevant part:

> (a) Release or detention pending sentence.
>    (1) Except [involving crimes of violence], the judicial officer shall order that
> a person who has been found guilty of an offense and who is awaiting
> imposition or execution of sentence . . . be detained, unless the judicial officer
> finds by clear and convincing evidence that the person is not likely to flee or
> pose a danger to the safety of any other person or the community if released
> under section 3142(b) or (c). If the judicial officer makes such a finding, such
> judicial officer shall order the release of the person in accordance with section
> 3142(b) or (c).

18 U.S.C. § 3143.

However, where the conviction involves a crime of violence, such as arson, section

3143 further provides that a defendant must be detained unless the court finds that "there is

a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. §

3143(a)(2); see United States v. McAllister, 974 F.2d 291, 292–93 (2d Cir. 1992)

(reversing release order and revoking bail).  That part of section 3143 states:

> (2) The judicial officer shall order that a person who has been found guilty of
> an offense [involving a crime of violence as] described in subparagraph (A),
> (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or
> execution of sentence be detained unless—

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

Section 3143(a)(2) "is a more stringent test than the one that applies to individuals who have been convicted of non-violent crimes, which requires only that the judge find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004). Arson, one of the crimes that the Defendant has been convicted of in this case, "is a crime of violence . . . for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A). Thus, the Defendant's reliance on United States v. Abuhamra, 389 F.3d 309, 314 (2d Cir. 2004), although well-founded for an analysis of the law with regard to bail under section 3143(a)(1), is misplaced in that the case does not address section 3143(a)(2), which governs the release of this Defendant pending sentencing.

Section 3143(a)(2) in effect requires the remand of the Defendant in this case unless the Defendant can show: (1) "that there is a substantial likelihood that a motion for acquittal or new trial will be granted;" and (2) that the Defendant is unlikely to flee or pose a danger

4

under section 3143(a)(1). Here, the Defendant's motion for acquittal has been denied. In

addition, the Court finds that under the circumstances there is not a substantial likelihood that

a motion for a new trial will be granted. Accordingly, the Defendant has failed the first

prong of the test under section 3143(a)(2), and as such, is required to be detained pending

sentencing.

The only escape hatch for the Defendant is found in 18 U.S.C. § 3145, which

permits the release pending sentence of some defendants, notwithstanding the provision of

section 3143(a)(2), upon a showing of "exceptional reasons" why incarceration is

inappropriate. Id.; see United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991).

That provision states:

> A person subject to detention pursuant to section 3143(a) (2) or (b) (2), and
> who meets the conditions of release set forth in section 3143(a) (1) or (b) (1),
> may be ordered released, under appropriate conditions, by the judicial officer,
> if it is clearly shown that there are exceptional reasons why such person's
> detention would not be appropriate.

18 U.S.C. § 3145.

In Lea, the Second Circuit provided a clear and succinct summary of what a

defendant needs to show to be released under sections 3143 and 3145 by stating:

> [A] defendant convicted of a crime of violence and awaiting sentencing who
> cannot satisfy the criteria set forth in § 3143(a)(2) may nevertheless be released
> if (1) the district court finds that the conditions of release set forth in §
> 3143(a)(1) have been met, and (2) it is clearly shown that there are exceptional
> reasons why [the defendant's] detention would not be appropriate.

Lea, 360 F.3d at 403 (citations, quotations, and footnotes omitted).

Few cases have interpreted the "exceptional reasons" provision in section 3145.

What exactly qualifies as "exceptional reasons" depends upon a case by case analysis of the

unique facts and circumstances that each defendant presents. See id.; DiSomma, 951 F.2d

at 497. Exceptional circumstances may include "the presence of one or more remarkable

and uncommon factors" or "a unique combination of circumstances giving rise to situations

that are out of the ordinary." DiSomma, 951 F.2d at 497. A wide range of factors that a

court may consider include: (1) the nature of the defendant's criminal conduct; (2) the

defendant's prior record; (3) the length of the prison sentence; (4) circumstances that may

render the hardships of prison unusually harsh, such as illness or injury; (5) the likelihood of

success on a pending appeal; and (6) whether the defendant was unusually cooperative with

the government. See United States v. Garcia, 340 F.3d 1013, 1018–22 (9th Cir. 2003).

Courts have generally held that "purely personal" reasons standing alone are

insufficient to be considered "exceptional." United States v. Lippold, 175 F. Supp. 2d 537,

540 (S.D.N.Y. 2001) (collecting cases analyzing the "exceptional reasons" provision); see

also Lea, 360 F.3d at 403–04 (stating that there is "nothing 'exceptional' about going to

school, being employed, or being a first-time offender, either separately or in combination).

In Lippold, the defendant argued that his exceptional reasons included that he was the father

6

of three young children whom he supported financially; that his seven-month old son had recently been diagnosed with Bell's Palsy; and that his employer needed him to train a replacement to handle his responsibilities. Lippold, 175 F. Supp 2d at 540. The court found these reasons insufficient to rise to the level of exceptional circumstances so as to justify release pending sentencing. Id. at 541.

In DiSomma, the Second Circuit affirmed the release of a defendant pending appeal pursuant to § 3145(c) where the defendant was convicted of conspiracy to rob a store but claimed on appeal that there was insufficient evidence of actual or threatened violence "because the theft was planned for a time when no one would be in the store." DiSomma, 951 F.2d at 496. The court reasoned that the appeal raised unusual legal or factual questions on appeal by alleging insufficient evidence of violence to sustain the conviction, the very element of the crime that barred release under the bail statute. Id. at 498.

The circumstances outlined in DiSomma, are not present in this case. The Court notes that "whether an appeal is likely to be successful is relevant to the determination of remand pending appeal, not sentencing." United States v. Lippold, 175 F. Supp. 2d 537, 539 (S.D.N.Y. 2001). Compare 18 U.S.C. § 3143(a) (standard for bail pending sentencing) with 18 U.S.C. § 3143(b) (standard for bail pending appeal); see also United States v. McAllister, 974 F.2d 291, 292 (2d Cir. 1992) (holding that § 3143(a) applies only to the district judge's own actions, not the likelihood of success on appeal). Here, the

Defendant is awaiting sentencing and an appeal is not yet pending. The Court has denied

the Defendant's motion for judgment of acquittal and finds no likelihood of success on the

merits of a motion for a new trial. The Court also notes that there was overwhelming

evidence of guilt on the insurance fraud and creditor fraud counts. Thus, there are no

pending legal or factual questions present in this case at the time that can be considered

"exceptional reasons" for the purposes of this motion.

The Defendant argues that the number of community members offering their support

and the fact that the defendant has a disabled son constitutes exceptional circumstances to

warrant bail pending sentence. The sentencing guidelines recognize that a court may grant a

departure for "exceptional family circumstances." See U.S.S.G. § 5G1.1(a). However, the

Second Circuit has explained that departure is appropriate only "in especially compelling

circumstances, and impermissible in less compelling circumstances, especially where other

relatives could meet the family's needs, or the defendant's absence [does] not cause a

'particularly severe' hardship." United States v. Selioutsky, No. 04-2740, 2005 U.S. App.

LEXIS 9745, at *14 (2d Cir. May 27, 2005) (citations omitted) (finding that the

defendant's claim that his aged parents needed his physical presence in their home

unexceptional); see also United States v. Smith, 331 F.3d 292, 294 (2d Cir. 2003) (finding

nothing extraordinary about having a son in which the defendant was not the sole caregiver

or financial supporter).

8

An example of "especially compelling circumstances" can be found in United States

v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992), where the defendant "was solely

responsible for the upbringing of her three young children, including an infant, and of the

young child of her institutionalized daughter." Id. The Second Circuit noted that "[t]he

number, age and circumstances of these children all support the finding that Johnson faced

extraordinary parental responsibilities." Id. In contrast, compelling circumstances did not

exist in United States v. Madrigal, 331 F.3d 258, 260 (2d Cir. 2003), where the defendant

had six children and only one was younger than eighteen and suffered from a learning

disability. In that case, the Second Circuit found that extraordinary circumstance did not

exist because the family, including three older children and other extended family members,

remained cohesive and were available to care for the young child. Id. The court noted that

such circumstances are not "extraordinary," but are merely "the common collateral damage

of imprisonment." Id.

The Defendant relies on United States v. Spero, 382 F.3d 803, 804 (8th Cir.

2004), to support his assertion that the defendant need not be the sole caregiver of a

developmentally disabled child for a court to find exceptional family circumstances. In

Spero, the defendant's wife was the primary caregiver of their autistic son, but the

defendant's involvement with the child was characterized as a "key component" of his care

because even the slightest change in routine "can cause him to become extremely upset and

violent." Id.  The court noted that "[w]hen one parent is critical to a child's well-

being, . . . that qualifies as an exceptional circumstance . . . ." Id. at 805.  However, Spero

is readily distinguishable from the facts in this case.  The Defendant's son is an adult with

Down Syndrome and is not an autistic child.  Autism, as noted in the Spero case, is a

disorder in which affected individuals "may adhere to inflexible, nonfunctional rituals or

routine.  They may become upset with even trivial changes in their environment."  Id. at 804

n.3 (quoting PDR Medical Dictionary 171 (2d ed. 2000)).

In this case, although it is unfortunate that the Defendant's son will no longer have his

father to care for him at home, the child has a mother and seven brothers and sisters, as well

as a large extended family that appears to be cohesive and well suited to attend to his needs.

Considering the facts presented, the Court finds that the Defendant's circumstances are not

exceptional, but are more akin to "the common collateral damage of imprisonment" that

many defendants encounter.  In addition, the Court rejects, as a matter of law, the

Defendant's argument that the large show of support from the local community constitutes

the type of "exceptional circumstances" that are appropriate to warrant bail under the

statute.

**II.     CONCLUSION**

For all the foregoing reasons, the Court finds that the Defendant is unable to show "exceptional reasons" to warrant release pending sentencing, and thus it is required under the terms of section 3143(a)(2) to detain the Defendant pending the imposition of sentence.

**SO ORDERED.**

Dated: Central Islip, New York
        June 8, 2005

> */s/ Arthur D. Spatt*
> ARTHUR D. SPATT
> United States District Judge